I have serious reservations about the sufficiency of the facts set forth in the memorandum of decision to support the conclusion of the trial court that the plaintiff employer's list of customers was not a trade secret. There is nothing in the memorandum to indicate why this list failed to qualify as a trade secret under the criteria for making such a determination as outlined in Town  Country House Homes Service, Inc. v. Evans, 150 Conn. 314,189 A.2d 390 (1963). The only findings unfavorable to the plaintiff mentioned by the trial court are that the list of customers was kept on a secretary's desk where it might be consulted by any employees having reason to do so, and that deliveries were made in trucks identifiable as belonging to the plaintiff. If this evidence formed the basis for the court's conclusion, I disagree with it. In the practical operation of a business a customer list can hardly be surrounded with security precautions appropriate for crown jewels or military secrets.
We need not decide, however, whether the plaintiff's customer list constituted a trade secret, because the trial court found that the defendant never consulted this list. The names supplied to him as sales prospects were taken from the list by his employer, and the defendant compiled his own notebook of those persons whom he had contacted personally. The evidence established that the defendant at the time of trial had done business with eight or nine persons who were former customers of the plaintiff. The trial court made no finding as to whether the defendant *Page 555 
had utilized his notebook, which he claimed had been stolen, in obtaining these persons as customers for his business. The Restatement of Agency takes the position that an employee is ordinarily privileged to use the names of customers retained in his memory as a result of his normal employment activities in competing with his former employer, after termination of his employment. Restatement (Second), Agency 396. Most of the cases have supported this view. Note, 28 A.L.R.3d 7, 67-77. The facts found by the trial court would bring this case within this principle. Even if the defendant had relied upon his notebook in finding the eight or nine persons involved, the outcome should not turn upon whether the former employee is blessed with a sufficient memory to serve his needs. See 28 A.L.R.3d 7, 73-77. At least where the employer is aware that the employee has kept a personal notebook and has raised no objection to the practice or to the ultimate removal of the notebook by the employee, as found by the trial court in this case, the utilization of the notebook would not preclude the application of the principle of the Restatement. In the absence of an express noncompetition agreement, an employee would have no reason to think that he might be prevented from soliciting business from persons with whom he might have developed strong personal ties during his former employment.
I concur in the result.